UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIE T., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:22-CV-846-JVB |
| ) | |
| MARTIN O'MALLEY, Commissioner ) | |
| of the Social Security Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

Plaintiff Jennie T. seeks judicial review of the Social Security Commissioner's decision denying her applications for disability insurance benefits and supplemental security income and asks this Court to reverse that decision and remand this matter. For the reasons below, this Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's October 10, 2020 applications for benefits, she alleged that she became disabled on March 6, 2020. The Administrative Law Judge (ALJ) issued an unfavorable decision on February 2, 2022, finding that Plaintiff suffered from the severe impairments of obesity, history of right pneumonectomy for carcinoid lung tumor, systemic and cutaneous lupus erythematosus, and fibromyalgia. (AR 19). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had the residual functional capacity to perform light work with the following modifications:

> [S]he can never climb ladders, ropes, and scaffolds; she can occasionally climb ramps and stairs; and she can occasionally balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme heat, extreme cold, humidity,

fumes, odors, dust, gases, and poor ventilation. She should avoid unprotected heights and dangerous machinery with unprotected moving mechanical parts.

(AR 22). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform past relevant work but was able to perform the representative occupations of routing clerk, marker, and cashier. (AR 27-28). Accordingly, the ALJ found Plaintiff to be not disabled from March 6, 2020, through February 2, 2022, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ erred and this case should be remanded because the ALJ did not build a logical bridge from the evidence to her conclusions, incorrectly evaluated the opinion evidence, incorrectly did not include mental impairments in the RFC, and made mistakes at step five of the sequential process. The Court agrees with Plaintiff as to the first argument and remands this matter on that basis.

Plaintiff argues that it was error for the ALJ to fail to address Plaintiff's fatigue. The Commissioner counters that the ALJ properly considered all of the objective evidence and faults Plaintiff for not identifying any abnormal objective findings in the record.

"[A]n 'ALJ need not . . . discuss every piece of evidence in the record and is prohibited only from ignoring an entire line of evidence that supports a finding of disability.'" *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (quoting *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010)). The ALJ is obligated to "confront the evidence that does not support [her] conclusion and explain why it was rejected." *Id.* (quoting *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004)).

Though "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability," once medical signs and findings "show the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged," then "all evidence . . . (including statements of the individual . . . )," are properly considered in the analysis of those subjective symptoms. 42 U.S.C § 423(d)(5)(A); *see also* 20 C.F.R. § 404.1529(a) ("There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other

3

evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled. "). Put another way, objective medical findings are needed to establish the existence of a medical impairment, but symptoms (and those symptoms' effects on a person's RFC) can be shown via non-medical and non-objective evidence.

As acknowledged by the ALJ, Plaintiff has systemic and cutaneous lupus erythematosus. The diagnosis of lupus was on the basis of ANA and dsDNA tests, rash/bullous lupus, photosensitivity, arthralgias, and fatigue. (AR 918). Plaintiff has had objectively observable lupus symptoms. *See* (AR 383 (Raynaud's phenomenon present in some fingers), 393 (rash on face, lower extremities), 415 (rash on neck), 756 ("There have been rashes noted on the face."); 918 (Raynaud's phenomenon present in fingers/toes). Plaintiff frequently reported fatigue to her medical providers. *See, e.g.*, (AR 407, 415, 649, 807); *see also* (AR 632 (". . . the fatigue and tiredness that she has that is extreme . . .")). Even Dr. Gupta, the consultative examiner, noted Plaintiff's "generalized weakness and fatigue." (AR 573). A medical professional explicitly attributed Plaintiff's fatigue to her lupus. (AR 407 ("She has fatigue from lupus.")). The ALJ ignored this evidence but identified normal findings in the record, such as normal motor strength, normal gait, and normal sensory and neurological examinations. *See* (AR 23, 25).

When the ALJ asked Plaintiff to explain why she believes she cannot work, Plaintiff gave the following response:

> I believe that I'm unable to work because of the feelings that I have almost on a daily basis. Even scheduling one day three weeks from now to have a cup of coffee with a friend, it's – I don't know if I'm going to make it. I can't ever guarantee how I'm going to feel today, tomorrow, an hour from now. I – I can't tell you. I just know that it doesn't feel good, and I don't know when it's going to be worse. I don't know – I – I just I never know. To not be able to use my hands a lot of the time, I've dropped the dishes, to have days that I can't even brush my teeth, or I have to take breaks, it's – I have many days I can't wear a bra because of the

4

> fibromyalgia. I basically feel like I have the flu, and that's every day. I've had one day in like the last four years that I wrote on the calendar was a good day. I'm sorry.

(AR 48). This response is not the clearest regarding Plaintiff's fatigue, but she testified that she feels like she has the flu every day and does not know if she will even be able to meet up with a friend for a cup of coffee on a given day. Later during the hearing, Plaintiff clarified that "almost every time" she visits a specific friend, "I just lay on her couch and fall asleep." (AR 51). She also stated that she gets fatigued by doing a chore, such as putting a single plate in the dishwasher. (AR 51-52). In explaining her medication regimen, Plaintiff stated that "I'm basically taking the only thing that my body can kind of handle, but I know it's not enough. But we're out of options is what I'm understanding." (AR 49).

In her decision, the ALJ repeated Plaintiff's statement about feeling like she has the flu every day, (AR 22), but she provided no further analysis on Plaintiff's subjective symptom of fatigue—not the reports of fatigue at her medical appointments, not Plaintiff's testimony regarding fatigue upon doing small household chores, and not the attribution (made by a medical professional) of Plaintiff's fatigue to her lupus. The ALJ did not explain why she did not accept Plaintiff's allegations of fatigue nor explain why it was not considered.

The vocational expert testified that most employers in the national economy do not tolerate off-task time of 15% or greater or recurring absences of more than one per month. (AR 62). Plaintiff's testimony of her fatigue, if credited and incorporated into her RFC, could cause work-preclusive off-task time or absenteeism, so the evidence of Plaintiff's fatigue as a symptom of lupus is a line of evidence that contradicts the ALJ's conclusion and that could support a finding of disability. *Accord Allen v. Astrue*, No. 06-CV-4660, 2008 WL 6600481, at *7 (N.D.Ill. Nov. 13, 2008) (noting the medical expert's observations that chronic fatigue is a symptom of lupus and

that chronic fatigue associated with lupus can be disabling and may prevent a person from performing a light duty job). Therefore, the Court finds that this matter must be remanded.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the relief requested in Plaintiff's Social Security Opening Brief [DE 11], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings consistent with this opinion.

SO ORDERED on March 6, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
